**Emira TER–OGANOVA,
Plaintiff–Appellant,**

v.

**Jo Anne BARNHART,\* Commissioner
of Social Security Administration,
Defendant–Appellee.**

No. 99–56995.
D.C. No. CV 99–1130–GHK (EE).

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2002.

Decided July 31, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before WARDLAW and BERZON, Circuit Judges, and ISHII, District Judge.**

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P 34(a)(2).

*** The Honorable Anthony W. Ishii, District Judge for the Eastern District of California, sitting by designation.

1. We review de novo a district court's grant of summary judgment upholding the Commissioner's denial of benefits. *See Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.

MEMORANDUM***

Plaintiff Elmira Ter–Oganova ("Ter–Oganova") appeals the judgment of the district court affirming the decision of the Commissioner of Social Security Administration ("Commissioner") to deny her application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 401 et seq. For the reasons that follow, we reverse the district court and remand the case to the Commissioner for further proceedings.[1] Because the parties are familiar with the facts, we recite here only those necessary to explain our decision.

■ All of Ter–Oganova's four treating and examining mental health specialists and two of her treating general practitioners found that she suffered from mental impairments. The ALJ's decision to reject the uncontroverted medical opinions of Ter–Oganova's physicians is not supported by "clear and convincing reasons." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995).

The ALJ rejected the evaluation of Dr. Jones because he found Dr. Jones' conclusion that Ter–Oganova was depressed to be internally "inconsistent" with the evidence in Dr. Jones' report, but failed to identify a specific inconsistency which would constitute a clear and convincing reason for rejecting the report.

■ The ALJ also impermissibly rejected Dr. Vintas' diagnosis of major, recurrent depression because that conclusion was (1) not supported by "positive objec-

2001). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and free of legal error. *See Pagter v. Massanari,* 250 F.3d 1255, 1258 (9th Cir.2001). "The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence." *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985).

tive findings," and (2) inconsistent with Dr. Vintas' conclusion that Ter–Oganova was a poor and vague historian. These are not "clear and convincing reasons" because (1) the ALJ may not reject Dr. Vintas' diagnosis of mental illness solely for lack of objective findings, *see Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir.1988), and (2) the ALJ did not give clear and convincing reasons for finding inconsistent Dr. Vintas' conclusions that Ter–Oganova was both depressed and a poor and vague historian. Indeed, a poor memory is often a symptom of depression. *Cf. Polny v. Bowen* 864 F.2d 661, 664 (9th Cir.1988) (noting that impaired claimants will necessarily appear non-credible due to impairment, and urging careful distinction between faked complaints and "physical and psychological conditions beyond [a claimant's] control").

■ Finally, the ALJ rejected the opinion of Dr. Van Zak because he only treated Ter–Oganova once and never made any effort to follow-up with the patient. The ALJ did not explain why this was a reason for rejecting Dr. Van Zak's otherwise supported diagnosis that Ter–Oganova suffered from serious mental and physical impairments. "Particularly in a case where the medical opinions of the physicians differ so markedly from the ALJ's, it is incumbent on the ALJ to provide, detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Embrey,* 849 F.2d at 422. The ALJ failed to do so here.

■ The ALJ also erred by rejecting the opinions of Ter–Oganova's physicians solely on the basis of the non-examining medical advisor's testimony, because no evidence in the record supported the medical advisor's opinion. "In the absence of record evidence to support it, the nonexamining medical advisor's testimony does not by itself constitute substantial evidence that warrants a rejection of either the treating doctor's or the examining psychologist's opinion." *Lester,* 81 F.3d at 832.

■ The ALJ's adverse credibility finding is also not supported by clear and convincing reasons. *See id.* at 834. The ALJ disbelieved Ter–Oganova's testimony because she (1) provided inconsistent information concerning the date she last worked; (2) was a poor historian; and (3) was not receiving continuous treatment for her mental problems. The ALJ did not, however, explain why these characteristics justify rejecting Ter–Oganova's testimony that she suffered from mental impairments-testimony that was supported by all of her physicians. Because the ALJ has not provided "specific, cogent reasons for the disbelief," *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990), it was legal error for the ALJ to discredit Ter–Oganova's testimony.

■ The ALJ also committed legal error by relying on the vocational expert's opinion because that opinion was based on legally inadequate hypothetical questions. To be legally relevant, hypothetical questions must "set out *all* the limitations and restrictions of the particular claimant." *Embrey,* 849 F.2d at 422 (emphasis in original). "If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." *Lewis v. Apfel,* 236 F.3d 503, 517 (9th Cir.2001). The ALJ's hypotheticals included only *physical* limitations but did not include any of the *mental* limitations diagnosed by Ter–Oganova's examining and treating physicians. These hypotheticals were, therefore, legally deficient.

The decision of the district court is RE-VERSED, and this case is REMANDED with instructions to remand to the Commissioner for a new hearing so that Ter–

Oganova can pursue her claim for SSI benefits based on mental disability.